UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tammy Bennet Individually )
And as Representative of the Estate )
Of Stephen Bennett, )
    Plaintiff )
)
v. )   Civil Action No.:
)
United Parcel Service, Inc. )
    Defendant )

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

### Parties

1. The plaintiff, Tammy Bennett, is a resident of the City of Gloucester, County of Essex, Commonwealth of Massachusetts.

2. The defendant, United Parcel Service, Inc., (hereinafter "UPS") is corporation with its principle place of business at 55 Glenlake Parkway NE, Atlanta, Georgia, 30328.

### Jurisdiction

3. Jurisdiction is based on diversity of citizenship pursuant to 28 USC section 1332. This action is brought between citizens of different states and the amount in controversy is likely to exceed $75,000.00 exclusive of costs and interest.

### Facts

4. On Thursday, May 31, 2012 at approximately 4:00 p.m. Stephen Bennett was traveling on Route 133 in Gloucester, Massachusetts (Essex Avenue) on a motorcycle with his wife and minor child following behind in another motor vehicle.

5. At approximately the same time, Jeff Goldstein (hereinafter "Goldstein"), agent of UPS, was operating a delivery truck on Fernwood Lake Avenue traveling onto Essex Avenue.

6. Fernwood Lake Avenue runs perpendicular to Essex Avenue.

7. Drivers on Essex Avenue have the right of way and drivers entering Essex Avenue from Fernwood Lake Avenue are required to stop at the T-intersection.

8. Goldstein neither yielded to Stephen Bennett nor stopped at the end of Fernwood Lake Avenue.
9. Goldstein negligently drove onto Essex Avenue into the path of Stephen Bennett, directly and proximately causing Stephen Bennett to crash into the side of the UPS truck.
10. Stephen Bennett died from the injuries he sustained in the motor vehicle accident.

<u>Count I:  Negligence v. United Parcel Service, Inc.</u>

11. The Plaintiff re-alleges and re-avers paragraphs 1-10 as if expressly stated herein.
12. At all relevant times, UPS was responsible for the acts and omissions of its agent/servant and employee, Goldstein.
13. At all relevant times, Goldstein owed a duty of reasonable care to operate the UPS truck in a safe and reasonable manner.
14. Goldstein breached that duty by failing to yield to on-coming traffic, specifically, he failed to yield to Stephen Bennett.
15. The resulting collision was the direct and proximate cause of the Stephen Bennett's death.

WHEREFORE, the plaintiff, Tammy Bennett individually and as the representative of the estate of Stephen Bennett, demands judgment against the defendant, United Parcel Service, Inc., for all damages allowable by law together with costs, interest and attorneys fees.

<u>Count II: Wrongful Death pursuant to M.G.L. c. 229, Sec. 2: v. United Parcel Service, Inc.</u>

16. The Plaintiff re-alleges and re-avers paragraphs 1-15 as if expressly stated herein.
17. At all relevant times, UPS was responsible for the acts and omissions of its agent/servant and employee, Goldstein.
18. Goldstein owed a duty of reasonable care to operate the UPS truck in a safe and reasonable manner.
19. Goldstein breached that duty by failing to yield to on-coming traffic, specifically, he failed to yield to Stephen Bennett.

20. The resulting collision was the direct and proximate cause of the Stephen Bennett's death.

WHEREFORE, the plaintiff demands judgment against the defendant, UPS, for all damages permissible under M.G.L. c. 229, Sec. 2, the so-called "wrongful death" statute.

### **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Plaintiff,
By her attorneys,

/s/ Joseph M. Orlando, Esq.
JOSEPH M. ORLANDO, ESQ.
BBO #380215
JOSEPH M. ORLANDO, JR., ESQ.
BBO# 680995
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
Tel:  (978) 283-8100
Fax:  (978) 283-8507

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies those indicated as non registered participants on 7/6/12.

/s/ Joseph M. Orlando, Esq.